UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert J. Lawson, | ) C/A No. 3:06-03344-MBS-JRM |
| | ) |
| Plaintiff, | ) |
| | )        REPORT |
| v. | )          AND |
| | )   RECOMMENDATION |
| Taylor Javis, Head Social Worker, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Therefore, a claim based on a meritless legal theory may be dismissed *sua sponte*, under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*,

449 U.S. 9 (1980). Even under this less stringent standard, however, this *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

The plaintiff appears to be under a civil commitment with the South Carolina Department of Mental Health. In his complaint, he alleges that he is being held against his will and that there are no criminal charges against him. He complains that the defendant will not help him "get out" or help him collect his "disability." (Compl. 3) Also, the plaintiff states that he has been taking a drug, Zyprexa, that caused him to have cancer. The relief that the plaintiff seeks is for "the court to give [him his] benefits, and Retirement . . . benefits for the medicine giving [him] cancer, and [his] retirement - [He's] 62 years old." (Compl. 5)

Based on the plaintiff's allegations, he is not seeking recovery of damages from the proper defendant(s). The complaint names Taylor Jarvis, Head Social Worker, as the defendant. In as much as the plaintiff is attempting to receive damages from the named defendant based on plaintiff's allegation that a drug caused him to have cancer, the plaintiff has failed to name the proper defendant for such recovery. In as much as the plaintiff is seeking retirement or disability benefits from the defendant, the defendant is not responsible for paying those benefits to the plaintiff. The complaint should be dismissed because the plaintiff has failed to state a claim against the named defendant.

It is unclear from the complaint whether the plaintiff is seeking release from confinement. In the event that the plaintiff is attempting to request his release through this complaint, this request is not properly brought in a 42 U.S.C. § 1983 action.  While "federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt," *Duncan v. Walker*, 533 U.S. 167, 176 (2001) (citations omitted), release from confinement is not available in a civil rights action brought under 42 U.S.C. § 1983.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

December 5, 2006
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).